UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

US Foods, Inc.,                                        File No. 21-cv-52 (ECT/ECW)

         Plaintiff,

v.

                                            **OPINION AND ORDER**

D. Brian's Deli Corp.,

         Defendant.

---

Joel P. Schroeder and Ashleigh M. Leitch, Best & Flanagan LLP, Minneapolis, MN, for Plaintiff US Foods, Inc.

---

Plaintiff US Foods, Inc., seeks entry of a default judgment against Defendant D. Brian's Deli Corp. ECF No. 11. U.S. Foods alleges that D. Brian's breached the terms of a promissory note by failing to make scheduled payments to U.S. Foods. The judgment US Foods seeks would include the remaining unpaid balance of $237,867.94 as well as contracted-for interest, attorneys' fees, and post-judgment interest under 28 U.S.C. § 1961. US Foods' motion will be granted.[1]

The basic process for determining whether a default judgment should be entered is straightforward. Entry of default means that the "factual allegations of the complaint,

---

[1] The Clerk properly entered Defendant's default. ECF No. 10. The summons and complaint were served on Defendant on January 7, 2021, and it has not responded or otherwise appeared. ECF No. 5. Plaintiff also has served the motion for default judgment and supporting papers on Defendant. ECF Nos. 15, 26. A hearing on the motion was held on June 14, 2021. ECF No. 22. Defendant did not appear or otherwise respond.

except those relating to the amount of damages, will be taken as true." 10A Mary K. Kane, *Federal Practice and Procedure* § 2688.1 (4th ed. Apr. 2021 Update) (footnotes omitted). Thus, it must first be determined whether the taken-as-true factual allegations of the complaint "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). If the taken-as-true allegations of the complaint constitute a legitimate cause of action, then the amount and other terms of the default judgment must be ascertained. *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

Start with the factual allegations in the complaint, which are accepted as true. US Foods is a national foodservice distributor. Compl. ¶ 1 [ECF No. 1]. US Foods supplied D. Brian's with various food and food-related products and services, as reflected in invoices dated between January 20, 2020, and March 18, 2020. *Id.* ¶¶ 5–6. US Foods "fully performed its obligations, including supplying all required goods and services to D. Brian's." *Id.* ¶¶ 11, 22. D. Brian's did not pay the invoices. *Id.* ¶ 6. On July 15, 2020, D. Brian's executed a promissory note in which it agreed to pay off its outstanding balance on a payment schedule together with interest accruing from the date of the note. *Id.* ¶¶ 7, 12, Ex. A [ECF No. 1-1]. D. Brian's did not make the scheduled payments. *Id.* ¶¶ 13–15, 23, Ex. B [ECF No. 1-2].

These taken-as-true allegations constitute a legitimate cause of action for breach of the promissory note. *See id.* ¶¶ 17–26. Minnesota law applies because the promissory note contains a Minnesota choice-of-law provision. *See id.*, Ex. A ¶ 11. Under Minnesota law,

the elements of a breach-of-contract claim are "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). US Foods plainly and plausibly pleads these elements. In the promissory note, which is attached to the complaint, D. Brian's "acknowledge[d] and agree[d]" that the balances on the invoices dated January 20, 2020, through March 18, 2020, for "certain goods and/or services" provided by US Foods were "due and owing" and promised to pay that sum with interest accruing from the date of the note "for value received." Compl., Ex. A at 1. The promissory note is dated July 15, 2020, and signed by Doug Sams, the owner and CEO of D. Brian's, and Ryan Farr, the Upper Mid-West and Dakotas credit manager of US Foods. *Id.* at 8; *see* Farr Decl. ¶ 2 [ECF No. 12]. US Foods alleges that, prior to the execution of the promissory note, it fully performed its obligations under the Parties' foodservice agreements. Compl. ¶¶ 5, 11, 22, Ex. A at 1. The promissory note provides that "[u]pon the occurrence and during the continuance of an Event of Default," which includes "any payment obligation to [US Foods] not made when due," US Foods "may exercise any rights and remedies expressly granted in this Note, in any other agreements between [D. Brian's] and [US Foods], under the UCC, or otherwise at law or in equity." *Id.*, Ex. A ¶¶ 5, 7.1. The promissory note details the terms and schedule of payments to be made by D. Brian's, and US Foods alleges that D. Brian's breached its payment obligations under the promissory note, resulting in an "Event of Default." *Id.* ¶¶ 12–15, 23, Ex. A. If US Foods were required to allege damages to state a claim for breach of contract, *see Park Nicollet Clinic*, 808 N.W.2d at 833 n.5 ("We have
3

recognized that the plaintiff may not have to allege that the breach caused damages in order to state a claim for breach of contract."), there is no doubt it has done so.[2] Compl. ¶¶ 14–15, 25–26, Ex. B.

US Foods seeks monetary relief. Though the liability of D. Brian's is established, US Foods "must still prove its actual damages to a reasonable degree of certainty" before entry of default judgment. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001). "A district court may determine damages by computing from the facts of record the amount that the plaintiff is lawfully entitled to recover and enter judgment accordingly." *Radisson Hotels Int'l, Inc. v. Fairmont Partners LLC*, No. 19-cv-1176 (WMW/BRT), 2020 WL 614810, at *2 (D. Minn. Feb. 10, 2020).

US Foods has demonstrated to a reasonable degree of certainty that it is entitled to recover the outstanding balance of the invoices from D. Brian's, which totals $237,867.94,

---

[2]   In its complaint, US Foods asserted claims in the alternative for account stated and unjust enrichment. Compl. ¶¶ 27–40. "An account stated 'is a manifestation of assent by a debtor and creditor to a stated sum as an accurate computation of an amount due the creditor.'" *Mountain Peaks Fin. Servs., Inc. v. Roth-Steffen*, 778 N.W.2d 380, 387 (Minn. Ct. App. 2010), *review denied* (Minn. Apr. 28, 2010) (quoting *Cherne Contracting Corp. v. Wausau Ins. Cos.*, 572 N.W.2d 339, 345 (Minn. Ct. App. 1997)). "To establish and recover on an account stated, the claimant must show (1) a prior relationship as debtor and creditor, (2) a showing of mutual assent between the parties as to the correct balance of the account, and (3) a promise by the debtor to pay the balance of the account." *Id.* (citing 1 Am. Jur. 2d *Accounts and Accounting* § 26 (2004)). US Foods also plausibly pleads the elements of this claim. The allegations in the complaint and the promissory note show a prior relationship between the Parties as debtor and creditor, their agreement as to the amount owed by D. Brian's, and a promise by D. Brian's to pay the outstanding balance. Compl. ¶¶ 5–7, 28–32, Ex. A. Because US Foods has plausibly pleaded its breach-of-note and account-stated claims, it is unnecessary to consider its equitable claim for unjust enrichment. *See Rosenberg v. Heritage Renovations, LLC*, 685 N.W.2d 320, 330 (Minn. 2004) (stating an equitable remedy "is only available where there is no contract remedy").

4

exclusive of interest, costs, and fees. *See* Compl., Exs. A, B; Farr Decl. ¶¶ 11, 12. Additionally, the promissory note provides for interest at a rate of three percent (3%) per annum on the unpaid principal balance accruing from the date of the note as well as interest at a rate of an additional eighteen percent (18%) per annum upon the occurrence of an event of default from the date the event of default occurs until the default is cured. *Id.*, Ex. A at 1 & ¶ 6. Based on these provisions, the total amount of interest currently due on the outstanding principal balance is $45,789.58. Pl.'s Supp'l Mem. at 3 & n.1 [ECF No. 23].

US Foods also seeks $9,009.50 in reasonable attorneys' fees and costs. *Id.* at 3. The promissory note provides that D. Brian's "shall pay to [US Foods] and reimburse [US Foods] for any and all costs and expenses, attorneys' fees, fees incurred to collect fees, and court costs, if any, incurred by [US Foods] in connection with the enforcement or collection of" the note. Compl., Ex. A ¶ 6. US Foods has submitted documentation establishing both its entitlement to and the reasonableness of its request for attorneys' fees and costs. *See id.*; Second Vathis Decl. ¶¶ 7, 10, Ex. 1 [ECF Nos. 24, 24-1]; *see also Pinkham v. Camex, Inc.*, 84 F.3d 292, 294 (8th Cir. 1996) (applying the lodestar method to calculate a reasonable fee). The hourly rates and time entries documented in those submissions are reasonable in view of the lawyers' expertise and the nature of this case. The supporting documentation appropriately itemizes time entries and costs for tasks reasonably necessary for litigating this case to default judgment. Pursuant to the promissory note, D. Brian's also must pay interest on these expenses "at the rate of ten percent (10%) per annum." Compl., Ex. A ¶ 6.

Finally, US Foods seeks post-judgment interest. Federal law governs post-judgment interest in a diversity action. *See Happy Chef Sys., Inc. v. John Hancock Mut. Life Ins. Co.*, 933 F.2d 1433, 1435 (8th Cir. 1991). Federal law provides for post-judgment interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). US Foods has a right to post-judgment interest under § 1961. Post-judgment interest will begin to accrue from the day judgment is entered and on the total award, including costs and attorneys' fees, until the judgment is satisfied. *Jenkins by Agyei v. Missouri*, 931 F.2d 1273, 1275 (8th Cir. 1991) ("The phrase 'any money judgment' in section 1961(a) is construed as including a judgment awarding attorneys' fees."); *see, e.g.*, *Minn. Voters All. v. City of Saint Paul*, No. 19-cv-358 (WMW/HB), 2021 WL 1100901, at *7 (D. Minn. Mar. 23, 2021). Post-judgment interest will be awarded at 0.08% per annum, "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Motion for Default Judgment [ECF No. 11] is **GRANTED**;

2. Defendant D. Brian's Deli Corp. is liable to Plaintiff US Foods, Inc., for:

    a. $237,867.94 in unpaid invoices;

    b. $45,789.58 in pre-judgment interest on the unpaid invoices;

    c. $9,009.50 in attorneys' fees and costs;

    d. interest on the award of attorneys' fees and costs at a rate of 10% per annum; and

    e. post-judgment interest at a rate of 0.08% per annum, accruing from the date judgment is entered until the judgment is satisfied and computed as described in 28 U.S.C. § 1961(b).

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 2, 2021
s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court